UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES J. DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-173 WL |
| ) | |
| MIAMI CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

*OPINION AND ORDER*

Charles J. Davis, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his confinement on his criminal conviction in 46C01-0305-FC-55 in LaPorte Circuit Court on February 15, 2006.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

This is not the first time Mr. Davis has filed a habeas corpus petition attempting to challenge his confinement in this court. On December 7, 2006, Mr. Davis filed a petition in 3:06-cv-804 TS. Because of ambiguities in that petition regarding whether or not Mr. Davis had properly exhausted his state court remedies, the court allowed Mr. Davis to either file an amended petition or file a motion to voluntarily dismiss his case without prejudice so he could exhaust his state court remedies. On January 5, 2007, Mr. Davis filed a motion to voluntarily dismiss his petition without prejudice because he had an application pending before the Indiana Supreme Court. Mr. Davis has now filed the current habeas corpus

petition. According to the current petition, Mr. Davis indicates that his attorney withdrew his direct appeal before the Indiana Court of Appeals. He then states that he filed a "motion for habeas corpus" with the Indiana Supreme Court. (docket #1, page 2). The Indiana Supreme Court returned his motion and told him to file it in the district court. (docket #1, page 2). Mr. Davis also indicates that he filed a petition for post-conviction relief in the LaPorte Circuit Court, but does not know the date on which he filed the petition. In fact, under the section for "Result:", Mr. Davis has indicated "None." (docket #1, page 3). If Mr. Davis has filed a petition for post-conviction relief, according to his habeas corpus petition, it does not appear that there has been a ruling on the petition. Furthermore, even if the trial court had ruled on Mr. Davis's petition, he has not indicated that he appealed a denial of the petition for post-conviction relief to the Indiana Court of Appeals.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
> (B)  (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

It appears that after filing his first petition with this court, Mr. Davis filed his "motion" with the Indiana Supreme Court. However, the motion, which Mr. Davis attached to his petition, is not a direct appeal of his conviction. In fact, if the Indiana Court of Appeals never addressed his direct appeal, it would be hard to construe his filing as a direct appeal to the Indiana Supreme Court because the

Indiana Supreme Court did not have a ruling from the Court of Appeals to address. Nor is the motion an appeal of his petition for post-conviction relief. Indeed, it does not even appear that there has been a ruling on his petition, let alone an appeal to the Indiana Court of Appeals. While Mr. Davis did file a motion with the Indiana Supreme Court, his filing was nothing more than a petition for writ of habeas corpus, which the Indiana Supreme Court could not address. As a result, the Indiana Supreme Court has not be given the opportunity to properly address Mr. Davis's claims in the appropriate manner. Therefore, he has still not exhausted his state court remedies. Mr. Davis is plainly not entitled to relief on this petition because he has not properly presented the issues to the Indiana Supreme Court.

Accordingly, Mr. Davis's petition is **DISMISSED WITHOUT PREJUDICE** because he failed to exhaust his state remedies. Mr. Davis's motion for leave to proceed *in forma pauperis* is **DENIED AS MOOT**.

SO ORDERED.

ENTERED: April __26__, 2007

                                              s/William C. Lee  
                                              William C. Lee, Judge  
                                              United States District Court